JOHN M. RICHARDS, Individually and as Executor of DAVID RICHARDS, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 41381.)

Fourth Department, December 7, 1967.

*Louis J. Lefkowitz, Attorney-General (Stanley V. Scott* and *Ruth Kessler Toch* of counsel), for appellant.

*Hancock, Ryan, Shove & Hust (Stewart F. Hancock, Jr.,* of counsel), for respondent.

*Per Curiam.* The State appropriated 12 separately described parcels of land owned by claimant on the north and south sides of East Genesee Street in the Town of DeWitt, Onondaga County. Seven of the parcels consisted of land lying in the bed of a creek to which claimant assigned no value. Thus, the trial court had

for consideration the direct damage for the appropriation of five parcels (Nos. 117, 118, 121, 124 and 177) and the consequential damage to the remaining unappropriated land of claimant.

The parties agree that the award of $37,000 as direct damage for the appropriation of parcel 121 on the north side of the street is in accord with the proof and we concur. The trial court further found the portion of parcel 124 fronting on the north side of East Genesee Street (to a depth of 300 feet) had a value of $200 per front foot which produced damage figures of $76,400 and $30,100, respectively, for a total of $106,500. It further found the damage to the parcel on the same side of the street subject to the so-called Bianchi right of way to be the sum of $2,000. Similarly, on the south side of the street the court fixed the same $200 per front foot for the 582 feet with an average depth of 300 feet of a portion of parcel 117 which produced a damage figure of $116,400. We agree with the findings and conclusions of the trial court as to these respective awards totaling $261,900 and the portion of the judgment implementing these awards will be affirmed by the order to be eventually entered herein.

We do not agree with the remaining awards as follows: on the north side of the street the court found the remainder of parcel 124 and all of parcel 177 (6.951 acres) to have a value of $10,000 an acre for direct damage of $69,510. It further found consequential damage to the remaining unappropriated land (0.749 acre) on the same side of the street to be the sum of $7,390. On the south side of the street the remainder of parcel 117 and all of parcel 118 (12± acres) was found to have a value of $3,000 an acre for direct damage of $36,000 and consequential damage to the remaining unappropriated land (18± acres) on the south side of the street was $52,200.

We find insufficient proof in the record to sustain the findings that the per acre values of these lands were $10,000 and $3,000, respectively. The proof presented a sharp difference of opinion between the experts for the respective parties as to the highest and best use of the land in the rear of the street frontages to a depth of 300 feet. The State's experts found such use to be marginal land suitable for farming purposes and opined that the value thereof was $625 and $400 per acre, respectively. Claimant's expert, on the other hand, expressed the opinion that before the taking such use of all the land on both sides of the street was for commercial purposes; that after the taking such use of the remaining unappropriated landlocked land was for use in conjunction with the lands of contiguous

owners. The trial court so found and we agree with both findings. It follows that the testimony of the State's experts on this subject had no probative weight.

Claimant's expert valued parcels 124 and 177 and the remaining land on the north side of the street (exclusive of parcel 121) at $25,000 per acre (more or less). The trial court, as stated, found such value to be $10,000 an acre. On the south side of the street the same expert valued that portion of parcel 117 from the street to the point where the parcel was constricted by the creek at $30,000 an acre. The remainder of parcel 117 and all of parcel 118 he valued at $10,000 per acre. The trial court partially adopted this figure in fixing direct and consequential damages to this acreage. The expert based his opinions on certain comparable sales showing considerations of $43,000 to $79,000 an acre. But such comparables were of little or no probative value as comparables because the lands were not in the so-called flood plain and presented none of the problems, as did claimant's lands, to make them usable for commercial purposes. There was proof of a sale of land by claimant to one Bianchi of land contiguous to a portion of that appropriated on the north side of the street. This showed a per acre value of $3,700 but it antedated the appropriation by some seven years and the proof does not disclose with precision whether or not it was within the flood plain.

This portion of the case should be remanded to the trial court for further consideration and the making of new findings. The parties should have an opportunity to submit additional proof in the light of the finding affirmed by us that the highest and best use of the lands prior to appropriation was for commercial purposes. (Cf. *Wehrmeyer v. State of New York*, 22 A D 2d 749.)

The appeal should be held with decision reserved and the case remitted to the Court of Claims (YOUNG, J.) for further proceedings in accordance with this opinion.

BASTOW, J. P., GOLDMAN, HENRY, DEL VECCHIO and MARSH, JJ., concur.

Appeal held, decision reserved, and case remitted to the Court of Claims (JOHN CARROLL YOUNG, J.) for further proceedings in accordance with the *Per Curiam* opinion.